IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A. FULLARD, SR.           :

    Plaintiff                :

v                               :       Civil Action No. RDB-06-1508

FINANCE DEPARTMENT              :
and WARDEN OF J.C.I.
                                :
    Defendants

o0o
**<u>MEMORANDUM OPINION</u>**

The above-captioned civil rights action, filed June 12, 2006, seeks damages against correctional officials for deduction of money from Plaintiff's reserve inmate account which he alleges is prohibited by applicable regulations. Paper No. 1. Plaintiff asserts that the removal of funds from this account is a violation of his constitutional rights. *Id.*

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In the case of lost or stolen property,[1] sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2] *See Juncker v. Tinney*,

---

[1] Plaintiff submits account statements as exhibits to his Complaint. Paper No. 1. Those statements reflect that money that was withdrawn from the reserve account was later replaced to maintain a balance of $40.00. Accordingly, his allegation that money was stolen from him is, at best, dubious.

[2] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

549 F. Supp. 574, 579 (D. Md. 1982).³  Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff is hereby notified that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under Fed. R. Civ. P. 12(b)(6).  The instant case will be the first filed by Plaintiff that has been dismissed as frivolous.  A separate Order follows.

June 26, 2006                                       /s/
    Date                                                         RICHARD D. BENNETT
                                                          UNITED STATES DISTRICT JUDGE

---

³ Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.